UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN S. WEAVER,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Civil No. 04-1873-HA

OPINION AND ORDER

Walter H. Sweek
Peter Willcox-Jones
Cosgrave Vergeer Kester L.L.P.
805 S.W. Broadway, Eighth Floor
Portland, Oregon 97205
    Attorneys for Plaintiff

1 -- OPINION AND ORDER

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Joanne E. Dantonio
Special Assistant United States Attorney
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, Washington 98104-7075
    Attorneys for Defendant

HAGGERTY, Chief Judge:

Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3). She seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying her application for Social Security Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) disability benefits. For the reasons provided below, the court concludes that the decision of the Commissioner must be affirmed.

ADMINISTRATIVE HISTORY

Plaintiff filed for DIB and SSI on September 27, 2001. *See* Administrative Record 60, 219 (all remaining references to the Administrative Record will be designated by "AR" followed by the page number). After plaintiff's claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ), the Appeals Council denied further review. AR 5. This denial constitutes the SSA's final administrative decision in this matter. Plaintiff filed this Complaint seeking judicial review of this result.

## BACKGROUND

Plaintiff was twenty-seven years old at the time of the ALJ's decision, and has earned a high school diploma and completed one semester of college. AR 240. She has been diagnosed with multiple mental impairments, including major depressive disorder, dysthymic disorder, panic disorder with agoraphobia, and borderline personality disorder. She is treated with psychotherapy and receives psychotropic medications. She suffers from depressive episodes. Her work history includes entry-level, unskilled jobs, most lasting less than a year. These positions have included work as an order clerk, telemarketer, retail salesperson, car wash attendant, appointment setter, and ticket taker. AR 274-75.

After eliciting testimony and considering the evidence presented at plaintiff's hearing, the ALJ determined that plaintiff maintained the residual functional capacity (RFC) to work at all exertional levels and is restricted by a number of nonexertional limitations. Testifying witnesses at plaintiff's hearing included plaintiff's mental health counselor Melissa Fern, and vocational expert (VE) Scott Stipe. Plaintiff did not testify. The ALJ also considered records and opinions from plaintiff's treating physician, Dr. Fred Coler. The ALJ concluded that plaintiff could not be considered disabled within the meaning of the regulations of the SSA. AR 31-33.

Plaintiff seeks judicial review of this decision. She argues that the ALJ erred in failing to find that her impairments either met, or equaled, one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1, thereby declaring her disabled and entitled to DIB and SSI. Plaintiff also asserts that the ALJ erred in evaluating the opinions of Dr. Coler and mental health counselor Fern, and in ignoring the determination from the Oregon Department of Human Services (DHS) that plaintiff qualified for state disability benefits.

3 -- OPINION AND ORDER

Finally, plaintiff asserts that the ALJ's hypothetical question to the VE was inaccurate and incomplete because it failed to include all applicable limitations suffered by plaintiff.

LEGAL STANDARDS

A person may be eligible for DIB and SSI if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1). Persons who are sixty-five years old or older, blind, or disabled, may be eligible for SSI regardless of their insured status under the Act. *See* 42 U.S.C. § 1382(a).

A claimant is considered disabled for purposes of receiving DIB or SSI benefits if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A person can be disabled for these purposes only if his or her impairment is of such severity that the person is not only unable to perform previous work but cannot, considering the person's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB or SSI payments. 20 C.F.R. §§ 404.1520, 416.920; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (DIB); *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989) (SSI).

First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If so, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory

definition of "severe." 20 C.F.R. §§ 404.1520(a), 416.920(a). If the claimant does not, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to any of a number of impairments that the Commissioner acknowledges to be so severe that they are presumed to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work which he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The claimant is entitled to disability benefits if he or she is not able to perform any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the initial burden of establishing his or her disability. In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. At step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her functional

5 -- OPINION AND ORDER

capacities and age, education and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996) (DIB); *Andrews v. Shalala,* 53 F.3d 1035, 1040 (9th Cir. 1995) (SSI). If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

The Commissioner has an affirmative duty to develop the record. 20 C.F.R. §§ 404.1512(d), 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). In this sense, the proceedings are not adversarial and the Commissioner shares the burden of proof with the claimant at all stages. *Id.*; *Tackett,* 180 F.3d at 1098 n. 3.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1098. Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id.* Substantial evidence is more than a mere scintilla, but not necessarily a preponderance, of evidence. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

ANALYSIS

As reviewed above, plaintiff asserts four major arguments as grounds for remanding this action for an award of benefits. She argues that the ALJ erred in (1) failing to find that her impairments either met, or equaled, one of the impairments listed in the SSA regulations; (2) discounting the opinions of Dr. Coler and mental health counselor Fern; (3) ignoring the determination from DHS that plaintiff qualified for state disability benefits, and (4) posing a hypothetical question to the VE that was inaccurate and incomplete. These arguments are addressed in turn.

1.   SSA Listings

Plaintiff challenges two aspects of the ALJ's analysis at "step three" in the Commissioner's five-step sequential evaluation process for determining if a person is eligible for DIB or SSI payments. Plaintiff first argues that the ALJ erred in failing to conclude that her depression and anxiety met or equaled Listed Impairments 12.04 and 12.06 and also failed to compare her symptoms and laboratory findings with those encompassed within the Listed Impairments, as required by the regulations. Pl.'s Opening Br., 7-9. Relatedly, plaintiff also contends that the ALJ failed to sufficiently address the issue of whether the combination of plaintiff's depression, anxiety, and Post-Traumatic Stress Disorder (PTSD) "might together equal *in severity* one or more Listings" and therefore entitle her to benefits. Pl.'s Opening Br., 16-17 (emphasis in original).

As discussed above, the first three steps of this process placed the burden on plaintiff to show that she (1) is not currently engaged in gainful employment because she (2) is suffering from a severe impairment (3) that is listed in an appendix (or is equivalent to such a listed

condition). "If the claimant satisfies step 3, she is considered *per se* disabled." *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3rd Cir. 2005).

The ALJ's responsibility at step three is to determine whether the claimant has met the burden of showing that his or her impairment meets or equals an impairment listed in the SSA's Listing of Impairments (the List). This List describes specific impairments of each of the major body systems that "are considered severe enough to prevent a person from doing any gainful activity." *See* 20 C.F.R. § 404.1525. The List provides a mechanism for streamlining the administrative process for certain applicants with especially severe impairments. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). The List includes impairments that would prevent an adult from performing "any gainful activity," thereby disposing of the need for the agency to perform any further inquiry regarding an applicant's specific impairments before concluding that the applicant is disabled.

To be considered to be suffering from a listed impairment, it is insufficient that the applicant's diagnosis might correspond to one listed in the table. The impairment "must also have the [medical] findings [of diagnosis] shown in the Listing of that impairment." 20 C.F.R. § 1525(e), (d). The ALJ must find that the impairment corresponds in diagnosis, severity and duration to a listed impairment. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Alternatively, if an applicant's diagnosis is not met in the List, that applicant may nevertheless be considered disabled *per se* if his or her condition is deemed "equivalent" to a listed impairment. An impairment is equivalent if the medical findings are at least equal in severity and duration to the listed findings.

If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. *See* 20 C.F.R. § 404.1520(d); *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.").

To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. Medical equivalence must be based on medical findings, and a generalized assertion of functional problems is insufficient to establish disability at step three. *Id.*

If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments should be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment. *Tackett*, 180 F.3d at 1100.

"The existence of emotional disorder, however, is not *per se* disabling. In addition, there must be proof of the impairment's disabling severity." *Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1982) (citation and internal quotation omitted). It must also be emphasized that the standards for *per se* disability are more strict than those for mere statutory eligibility. *Zebley*, 493 U.S. at 532-33.

In sum, plaintiff's challenge requires this court to examine whether there is substantial evidence supporting the ALJ's determination at step three that plaintiff's depression and other

symptoms did not meet or equal the type of affective disorder contemplated in Listing 12.04. Listing 12.04 describes severe affective disorders and enumerates various sets of documented symptoms that must be present in order for an impairment to constitute a *per se* disability. The ALJ discussed the medical evidence in the record adequately, and properly considered all allegations of impairments. The ALJ concluded correctly that no medical or psychiatric report presented in the Record indicates a degree of mental impairment that would be severe enough to invoke Listing 12.04.

The only evidence which, if credited fully, could possibly approach establishing the severity of symptoms described in Listing 12.04 for *per se* disability was presented by Dr. Coler and mental health counselor Fern. As is addressed below, the ALJ evaluated this evidence properly, and also considered the findings of agency consulting psychologists, Drs. Paul Rethinger and Dorothy Anderson. AR at 130-41, 171-81 (both doctors concluding that step three not met and that RFC assessments were necessary). Substantial evidence supports the ALJ's decision that plaintiff's impairments do not meet or equal the criteria established in any Listings. Because the ALJ's determination that plaintiff's impairments did not meet or equal a listed impairment was supported by substantial evidence in the record as a whole, plaintiff is not entitled to a finding of disability at step three.

2.  Medical Opinions

The court concludes that the ALJ did not err in weighing the opinions of Dr. Coler and mental health counselor Fern. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is

contradicted by another physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff first contends that the ALJ erred in rejecting Dr. Coler's conclusions that plaintiff would have moderate to marked functional difficulties. As noted, Dr. Coler's opinions were contradicted by the agency consulting psychologists. Therefore, the ALJ needed specific and legitimate reasons, supported by substantial evidence, to reject Dr. Coler's opinion. These were provided. The ALJ referred to Dr. Coler's elicitation of a highly functional global assessment of functioning (GAF) score from plaintiff, Dr. Coler's several positive evaluations of plaintiff's condition, her therapy session reports, and inconsistent records of the frequency of her decompensation episodes. AR 27. This evidence, coupled with the opinions of Drs. Rethinger and Anderson, all were sufficient to constitute substantial evidence that support the ALJ's conclusions and establishes that the ALJ weighed the medical opinions presented in the record correctly.

The ALJ's findings as to mental health counselor Fern referred correctly to the fact that the counselor is not considered "an accepted medical source," AR 29, and to numerous reasons for discounting her testimony. AR 26-28. The ALJ provided specific grounds that indicated that the counselor's opinions were based upon unreliable reporting from plaintiff, and were uninformed about crucial issues, such as plaintiff's work history, medication treatment, and attitudes toward certain possible employers. These were germane reasons for discounting the

counselor's opinion and testimony, and therefore were adequate. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

3.  Evidence from the Oregon Department of Human Services

Next, plaintiff complains that the ALJ failed to consider the determination by DHS that plaintiff is disabled. Although the ALJ omitted specific reference to this evidence, this court concludes that the failure to address the DHS evidence amounts to harmless error. *See Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004) (in light of sufficient reasons provided by the ALJ and substantial evidence supporting the ALJ's decision, some errors, such as making unsupported assumptions about the evidence, can be construed as harmless). Here, the ALJ's failure to address the DHS evidence does not negate the "validity of the ultimate conclusion" that plaintiff is not entitled to DIB and SSI. The harmlessness of any error here is underscored by the fact that the ALJ addressed the weight attributable to Dr. Coler's opinion thoroughly, because the DHS relied heavily – or exclusively – upon Dr. Coler's views.

4.  Adequacy of the hypothetical question to the VE

Finally, plaintiff asserts that the ALJ erred in constructing the hypothetical question posed to the VE. A hypothetical question must adequately describe a claimant's impairments so that the VE may accurately assess whether jobs exist for the plaintiff. *See Lewis v. Apfel*, 236 F.3d 503, 518 (9th Cir. 2001). An expert's testimony that is based upon an insufficient hypothetical question does not constitute substantial evidence to support a finding of an absence of disability. *Varney v. Sec'y of Health and Human Serv.*, 846 F.2d 581, 585 (9th Cir. 1988).

A hypothetical question posed to a VE must explain the practical ramifications that flow from the claimant's impairments. *Tackett*, 180 F.3d at 1101 (citations omitted). "In order for the

testimony of a VE to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record." *Thomas*, 278 F.3d at 956 (citation and internal quotation marks omitted).

In this case, the ALJ's hypothetical question to the VE described a person of plaintiff's age with the same education and work history, and having no exertional limitations, with one-person-at-a-time, limited interaction with the public. AR 275. The ALJ also added limitations in the form of a problem "with concentration or persistence or pace," AR 276, and having to miss work on two or more occasions each month. AR 279. These limitations are supported by the medical evidence and the State Agency reviewing physicians' opinions.

Plaintiff argues that the ALJ erred by ignoring plaintiff's mental health evaluations and related testimony presented at her hearing, and committed an "egregious abuse of discretion" in forming his hypothetical question. Pl.'s. Memo. at 22.

The hypothetical question adequately described plaintiff's impairments, was fully supported by the medical evidence presented, and the scope of the limitations presented was consistent with the limitations the ALJ ultimately attributed to plaintiff in the ALJ's findings. The ALJ's condensation of the medical evidence was sufficiently accurate to allow the VE to assess plaintiff's capacity to do work. To the extent that there are inconsistencies between the various doctors' opinions, or the scope of plaintiff's alleged limitations, the ALJ resolved them appropriately.

CONCLUSION

For the foregoing reasons, this court concludes that the Commissioner's decision is based on correct legal standards and is supported by substantial evidence in the record. This court will

not substitute its judgment for that of the ALJ, and if the evidence can support either outcome, the court is compelled to uphold the ALJ's decision. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). As noted above, this court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas*, 278 F.3d at 954. Accordingly, the Commissioner's denial of plaintiff Robin S. Weaver's application for DIB and SSI is AFFIRMED. This matter is DISMISSED.

IT IS SO ORDERED.

DATED this 2 day of December, 2005.

_____
Ancer L. Haggerty
United States District Judge