UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN S. WEAVER,

        Plaintiff,                              Civil No. 04-1873-HA

        v.                                   OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

HAGGERTY, Chief Judge:

    Judgment [15] was entered in this matter affirming the final decision of the Commissioner of the Social Security Administration (SSA), which denied plaintiff's application for Social Security Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) disability benefits. A fourteen-page Opinion and Order [14] addressing each of plaintiff's arguments and supporting this Judgment was filed simultaneously.

1 -- OPINION AND ORDER

Subsequently, plaintiff filed a Motion to Alter or Amend Judgment [16]. Counsel for the Commissioner filed a Response, and it has been taken under advisement by this court. For the following reasons, plaintiff's motion is denied. The decision of the Commissioner remains affirmed.

## FACTS AND LEGAL STANDARDS

The relevant background and underlying legal requirements for determining plaintiff's eligibility for disability benefits have been presented thoroughly by the parties and in the judicial and administrative history of this action. Plaintiff seeks to "amend the Judgment" in this matter, arguing that the court's prior ruling inadequately addressed issues plaintiff raised in her Complaint, including plaintiff's arguments regarding whether (1) her condition met or equaled the criteria for Listed Impairments; (2) the Administrative Law Judge (ALJ) properly addressed the uncontroverted opinion of an examining source or the opinion of plaintiff's mental health therapist; (3) the ALJ failed to adequately consider material evidence from the Oregon Department of Human Services; and (4) whether the hypothetical question posed to the Vocational Expert (VE) was sufficient.

Plaintiff's challenges regarding the thoroughness of the court's ruling filed in support of the Judgment fail to present sufficient grounds compelling reconsideration of this court's prior ruling. Although the title of plaintiff's motion suggests that plaintiff is seeking only to alter or amend the entry of Judgment, the memorandum filed in support of plaintiff's motion makes plain that plaintiff seeks reconsideration of the merits of the ruling and hopes to convince the court to reverse the Commissioner's final decision.

A motion to reconsider must set forth facts or law of a strongly convincing nature to induce the court to reverse its previous ruling. The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's Motion to Alter or Amend fails to present any of these grounds. However, this court has nevertheless re-examined the arguments for benefits that are renewed by the motion.

## QUESTION PRESENTED

Plaintiff asserts four issues that she believes the court has addressed inadequately. These issues were recounted in the Opinion and Order issued December 5, 2005:

> Plaintiff seeks judicial review of this decision. She argues that the ALJ erred in failing to find that her impairments either met, or equaled, one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1, thereby declaring her disabled and entitled to DIB and SSI. Plaintiff also asserts that the ALJ erred in evaluating the opinions of Dr. Coler and mental health counselor Fern, and in ignoring the determination from the Oregon Department of Human Services (DHS) that plaintiff qualified for state disability benefits. Finally, plaintiff asserts that the ALJ's hypothetical question to the VE was inaccurate and incomplete because it failed to include all applicable limitations suffered by plaintiff.

December 5, 2005 Opinion and Order [14] at 3-4.

The Opinion and Order summarized these arguments once more:

> As reviewed above, plaintiff asserts four major arguments as grounds for remanding this action for an award of benefits. She argues that the ALJ erred in (1) failing to find that her impairments either met, or equaled, one of the impairments listed in the SSA regulations; (2) discounting the opinions of Dr. Coler and mental health counselor Fern; (3) ignoring the determination from DHS that plaintiff qualified for state disability benefits, and (4) posing a hypothetical question to the VE that was inaccurate and incomplete.

December 5, 2005 Opinion and Order at 7.

3 -- OPINION AND ORDER

Each of these four arguments was addressed under separate sub-headings in the following six pages of analysis. December 5, 2005 Opinion and Order at 7-13. Plaintiff's assertion in her Memorandum in Support of her Motion to Alter or Amend that the December 5, 2005 Opinion and Order "failed to discuss any of Ms. Weaver's arguments" is, therefore, mistaken.

It is possible that plaintiff and her counsel failed to obtain or access a copy of this court's prior ruling. Accordingly, the analysis and rulings presented in that Opinion and Order are re-published below within the text of this Order.

To the extent that plaintiff might continue to disagree with the Commissioner's decision, and this court's analysis of that decision's legality, her motion to alter or amend is denied. That disagreement, as presented, fails to compel amendment of the court's Judgment or, as is sought by plaintiff, reconsideration of the court's ruling.

## **ANALYSIS**

Plaintiff argues that the ALJ erred in (1) failing to find that her impairments either met, or equaled, one of the impairments listed in the SSA regulations; (2) discounting the opinions of Dr. Coler and mental health counselor Fern; (3) ignoring the determination from DHS that plaintiff qualified for state disability benefits; and (4) posing a hypothetical question to the VE that was inaccurate and incomplete. The court's analysis of these arguments are presented again.

1.   SSA Listings

Plaintiff challenges two aspects of the ALJ's analysis at step three in the Commissioner's five-step sequential evaluation process for determining if a person is eligible for DIB or SSI payments. Plaintiff first argues that the ALJ erred in failing to conclude that her depression and

anxiety met or equaled Listed Impairments 12.04 and 12.06 and also failed to compare her symptoms and laboratory findings with those encompassed within the Listed Impairments, as required by the regulations. Pl.'s Opening Br., 7-9. Relatedly, plaintiff also contends that the ALJ failed to sufficiently address the issue of whether the combination of plaintiff's depression, anxiety, and Post-Traumatic Stress Disorder (PTSD) "might together equal *in severity* one or more Listings" and therefore entitle her to benefits. Pl.'s Opening Br., 16-17 (emphasis in original).

The first three steps of the Commissioner's analysis placed the burden on plaintiff to show that she (1) is not currently engaged in gainful employment because she (2) is suffering from a severe impairment (3) that is listed in an appendix (or is equivalent to such a listed condition). "If the claimant satisfies step 3, she is considered *per se* disabled." *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3rd Cir. 2005).

The ALJ's responsibility at step three is to determine whether the claimant has met the burden of showing that his or her impairment meets or equals an impairment listed in the SSA's Listing of Impairments (the List). This List describes specific impairments of each of the major body systems that "are considered severe enough to prevent a person from doing any gainful activity." *See* 20 C.F.R. § 404.1525. The List provides a mechanism for streamlining the administrative process for certain applicants with especially severe impairments. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). The List includes impairments that would prevent an adult from performing "any gainful activity," thereby disposing of the need for the agency to perform any further inquiry regarding an applicant's specific impairments before concluding that the applicant is disabled.

5 -- OPINION AND ORDER

To be considered to be suffering from a listed impairment, it is insufficient that the applicant's diagnosis might correspond to one listed in the table. The impairment "must also have the [medical] findings [of diagnosis] shown in the Listing of that impairment." 20 C.F.R. § 1525(e), (d). The ALJ must find that the impairment corresponds in diagnosis, severity and duration to a listed impairment. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Alternatively, if an applicant's diagnosis is not met in the List, that applicant may nevertheless be considered disabled *per se* if his or her condition is deemed "equivalent" to a listed impairment. An impairment is equivalent if the medical findings are at least equal in severity and duration to the listed findings.

If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. *See* 20 C.F.R. § 404.1520(d); *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.").

To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. Medical equivalence must be based on medical findings, and a generalized assertion of functional problems is insufficient to establish disability at step three. *Id*.

If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the

claimant's impairments should be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment. *Tackett*, 180 F.3d at 1100.

"The existence of emotional disorder, however, is not *per se* disabling. In addition, there must be proof of the impairment's disabling severity." *Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1982) (citation and internal quotation omitted). It must also be emphasized that the standards for *per se* disability are more strict than those for mere statutory eligibility. *Zebley*, 493 U.S. at 532-33.

In sum, plaintiff's challenge requires this court to examine whether there is substantial evidence supporting the ALJ's determination at step three that plaintiff's depression and other symptoms did not meet or equal the type of affective disorder contemplated in Listing 12.04. Listing 12.04 describes severe affective disorders and enumerates various sets of documented symptoms that must be present in order for an impairment to constitute a *per se* disability. The ALJ discussed the medical evidence in the record adequately, and properly considered all allegations of impairments. The ALJ concluded correctly that no medical or psychiatric report presented in the Record indicates a degree of mental impairment that would be severe enough to invoke Listing 12.04.

The only evidence which, if credited fully, could possibly approach establishing the severity of symptoms described in Listing 12.04 for *per se* disability was presented by Dr. Coler and mental health counselor Fern. As is addressed below, the ALJ evaluated this evidence properly, and also considered the findings of agency consulting psychologists, Drs. Paul Rethinger and Dorothy Anderson. *See* Administrative Record at 130-41, 171-81 (all remaining references to the Administrative Record will be designated by "AR" followed by the page

7 -- OPINION AND ORDER

number). Both doctors concluded that step three was not met and that RFC assessments were necessary. *Id*. Substantial evidence supports the ALJ's decision that plaintiff's impairments do not meet or equal the criteria established in any Listings. Because the ALJ's determination that plaintiff's impairments did not meet or equal a listed impairment was supported by substantial evidence in the record as a whole, plaintiff is not entitled to a finding of disability at step three.

2.   Medical Opinions

The court concludes that the ALJ did not err in weighing the opinions of Dr. Coler and mental health counselor Fern. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff first contends that the ALJ erred in rejecting Dr. Coler's conclusions that plaintiff would have moderate to marked functional difficulties. Doctor Coler's opinions were contradicted by the agency consulting psychologists. Therefore, the ALJ needed specific and legitimate reasons, supported by substantial evidence, to reject Dr. Coler's opinion. These were provided. The ALJ referred to Dr. Coler's elicitation of a highly functional global assessment of functioning (GAF) score from plaintiff, Dr. Coler's several positive evaluations of plaintiff's condition, her therapy session reports, and inconsistent records of the frequency of her decompensation episodes. AR 27. This evidence, coupled with the opinions of Drs. Rethinger

and Anderson, all were sufficient to constitute substantial evidence that support the ALJ's conclusions and establishes that the ALJ weighed the medical opinions presented in the record correctly.

The ALJ's findings as to mental health counselor Fern referred correctly to the fact that the counselor is not considered "an accepted medical source," AR 29, and to numerous reasons for discounting her testimony. AR 26-28. The ALJ provided specific grounds that indicated that the counselor's opinions were based upon unreliable reporting from plaintiff, and were uninformed about crucial issues, such as plaintiff's work history, medication treatment, and attitudes toward certain possible employers. These were germane reasons for discounting the counselor's opinion and testimony, and therefore were adequate. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

3.     Evidence from the Oregon Department of Human Services

Next, plaintiff complains that the ALJ failed to consider the determination by DHS that plaintiff is disabled. Although the ALJ omitted specific reference to this evidence, this court concludes that the failure to address the DHS evidence amounts to harmless error. *See Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004) (in light of sufficient reasons provided by the ALJ and substantial evidence supporting the ALJ's decision, some errors, such as making unsupported assumptions about the evidence, can be construed as harmless). Here, the ALJ's failure to address the DHS evidence does not negate the "validity of the ultimate conclusion" that plaintiff is not entitled to DIB and SSI. The harmlessness of any error here is underscored by the fact that the ALJ addressed the weight attributable to Dr. Coler's opinion thoroughly, because the DHS relied heavily – or exclusively – upon Dr. Coler's views.

9 -- OPINION AND ORDER

4.      Adequacy of the hypothetical question to the VE

Finally, plaintiff asserts that the ALJ erred in constructing the hypothetical question posed to the VE. A hypothetical question must adequately describe a claimant's impairments so that the VE may accurately assess whether jobs exist for the plaintiff. *See Lewis v. Apfel,* 236 F.3d 503, 518 (9th Cir. 2001). An expert's testimony that is based upon an insufficient hypothetical question does not constitute substantial evidence to support a finding of an absence of disability. *Varney v. Sec'y of Health and Human Serv.*, 846 F.2d 581, 585 (9th Cir. 1988).

A hypothetical question posed to a VE must explain the practical ramifications that flow from the claimant's impairments. *Tackett*, 180 F.3d at 1101 (citations omitted). "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (citation and internal quotation marks omitted).

In this case, the ALJ's hypothetical question to the VE described a person of plaintiff's age with the same education and work history, and having no exertional limitations, with one-person-at-a-time, limited interaction with the public. AR 275. The ALJ also added limitations in the form of a problem "with concentration or persistence or pace," AR 276, and having to miss work on two or more occasions month. AR 279. These limitations are supported by the medical evidence and the State Agency reviewing physicians' opinions.

Plaintiff argues that the ALJ erred by ignoring plaintiff's mental health evaluations and related testimony presented at her hearing, and committed an "egregious abuse of discretion" in forming his hypothetical question. Pl.'s. Memo. at 22.

10 -- OPINION AND ORDER

The hypothetical question adequately described plaintiff's impairments, was fully supported by the medical evidence presented, and the scope of the limitations presented was consistent with the limitations the ALJ ultimately attributed to plaintiff in the ALJ's findings. The ALJ's condensation of the medical evidence was sufficiently accurate to allow the VE to assess plaintiff's capacity to do work. To the extent that there are inconsistencies between the various doctors' opinions, or the scope of plaintiff's alleged limitations, the ALJ resolved them appropriately.

## CONCLUSION

This court's prior Opinion and Order concluded that the Commissioner's decision is based upon correct legal standards and is supported by substantial evidence in the record. This court cannot substitute its judgment for that of the ALJ, and if the evidence can support either outcome, the court is compelled to uphold the ALJ's decision. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas*, 278 F.3d at 954. The Commissioner's denial of plaintiff Robin S. Weaver's application for DIB and SSI was properly affirmed. Plaintiff's Motion to Alter or Amend Judgment [16] is denied.

IT IS SO ORDERED.

DATED this   3   day of January, 2007.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

11 -- OPINION AND ORDER